LOUISE B. SMITH v. SUSAN E. MOORE, extrx.

(Filed 23 October, 1907).

1. **Issues—Fraud—Verdict, Contradictory—Judgment.**

When the issue is one of plain and gross moral fraud in procuring the deed under which defendant claims title, and is answered by the jury in the affirmative, followed by a further finding that such answer was in deference to the instruction of the Court as to what constituted fraud, but that they were compelled upon the evidence to find there was no intentional or moral fraud, no judgment can be based upon the verdict, it being contradictory.

2. **Lessor and Lessee—Lease for Life—Pepper Corn.**

It was error in the trial Judge not to instruct the jury, in answer to their question, that, under a lease for life, in consideration of a pepper-corn rent, made by defendant's testator to plaintiff at the time of the execution of the deed to the lands in controversy, the plaintiff would be entitled to the rents of the property during its continuance if the lease were found by the jury to be valid.

CIVIL ACTION, tried before *Long, J.,* and a jury, at April Term, 1907, of the Superior Court of NEW HANOVER County.

From judgment for plaintiff defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*E. K. Bryan* and *J. D. Bellamy & Son* for plaintiff.

*Bellamy & Bellamy, H. McClammy* and *Rountree & Carr* for defendant.

CLARK, C. J.    This case was before us (142 N. C., 277), when a new trial was granted.    It is not necessary again to set out the facts in full.

The cause of action alleged in the complaint is, that, on or about March, 1885, Roger Moore, the testator of the defendant, Susan E. Moore, and ancestor of the other defendants, being the confidential friend and adviser of the plaintiff and

her mother, Mary E. Smith, induced and persuaded the said Mary E. Smith and this plaintiff to execute and deliver to him a certain deed, conveying to him a lot of land and premises in fee simple, in the city of Wilmington; and at the time he procured the execution of the said deed he procured the same by falsely and fraudulently representing to this plaintiff and her mother, the said Mary E. Smith, that the said deed was a will, whereby they would leave the said property to him after their death; and thereupon the plaintiff and her mother, relying upon the said representation, and verily believing the said instrument to be a will, executed the same; that the plaintiff did not discover or know that the said instrument was not a will, but a deed, until some time after the death of Roger Moore, when the defendants demanded possession of the said premises from the plaintiff, telling her that she had conveyed the same to the said Roger Moore, and threatening to have this plaintiff ejected from the same if she did not surrender the possession thereof. These allegations were denied by the defendants.

On the new trial, from which this appeal is taken, the following issue was submitted to the jury: Was the deed of 3 March, 1885, by Mary E. Smith and Louise B. Smith to Roger Moore procured by fraud? To which the jury replied "Yes."

At the time the issue above was answered, as above set out, the jury attached to the same a separate piece of paper and asked the court to consider the same in connection with their verdict thus rendered, whereon was written the following words: "In answering the issue in this case 'Yes,' we distinctly exonerate Col. Roger Moore of any intentional fraud, it being agreed that the finding is made necessary under the charge of the Court as to the law, and that the guilt is legal and not moral. We think the evidence shows conclusively that it was the wish and purpose of both Mrs. M. E. Smith and Louise B. Smith that the property in question should go

to Roger Moore and his heirs after the death of both of them."
Which entry was made on the records by order of the Judge.

The only fraud alleged in the procurement of the deed of
3 March, 1885, was that the deed was substituted for the will
by the fraudulent practices of Colonel Moore, aided by Mr.
Cutlar, the counsel for plaintiff and her mother. This ap-
pears throughout plaintiff's evidence and in the argument of
plaintiff's counsel to the jury, as stated by the Court in the
charge, when arraying the contentions of the parties.

This is a charge of the plainest and grossest moral fraud.
It was not a case of legal as distinguished from moral fraud.
The verdict of the jury, in effect, says that, yielding to the
instructions of the Court as to the law, they are compelled to
find that the deed was procured by fraud, but that they are
compelled, upon the evidence, to find that there was no inten-
tional or moral fraud on the part of Colonel Moore, and that
it was the wish and purpose of both Mrs. M. E. Smith and
Louise B. Smith that the property in question should go to
Roger Moore and his heirs after the death of both of them—
a purpose which is effectuated by the deed and lease called in
question by this action.

The issue was tried as one of moral, intentional fraud.
The verdict answers "Yes," and then contradicts this finding
by recording, as a part of the verdict, that Colonel Moore was
not guilty of intentional fraud.

The finding is palpably contradictory, and no judgment can
be based upon it. It is impossible that a lawyer could have
"unintentionally" drawn a deed for a will, especially when
he conveyed a life estate back to the grantors by executing a
lease reserving a pepper-corn rent.

One of the jurors, before the jury withdrew, asked the
Court the following question: "If the lease written 15 March,
1885, is found by the jury to be valid, would the life tenants
under that lease be entitled to the rents of this property?"

The Court erred in not answering the question "Yes," instead of the charge given, which was not only not responsive, but probably had the effect, we think, to lead the jury to think the Court was of the contrary opinion.

There are other exceptions, but, as a new trial is necessary, and they may not arise again, it is unnecessary to discuss them.

Error.